UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOT H. BROWN,

           Plaintiff,

      v.                                  Case No. 24-cv-0449-bhl

JOHN DOE OFFICERS,
CO CORNHOG, and
MILWAUKEE COUNTY JAIL,

           Defendants.

## SCREENING ORDER

Plaintiff Elliot H. Brown, who is currently incarcerated at the Waukesha County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $20.00. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Brown, on April 28, 2021, three unidentified West Allis police officers responded to reports of a car accident. One of the officers located Brown in an alley and began to question him. The other two officers arrived shortly thereafter. Brown explains that he informed the officers that he was not intoxicated and may have a concussion from the accident. He states that members of the fire department arrived and agreed that Brown did not seem intoxicated. Nevertheless, the officers required Brown to submit to a field sobriety exam and a preliminary breath test. Brown asserts that he passed both. The officers then required Brown to submit to a blood analysis. Brown explains that he was then arrested without probable cause for the crime of operating while intoxicated, fifth offense. Brown asserts that he was also placed on a probation hold and revocation proceedings were commenced. According to Brown, he was incarcerated in the Milwaukee County Jail for more than four months, until September 2021, at which time the results of the blood analysis came back negative for intoxicants. Brown asserts that the judicial and revocation proceedings were then terminated in his favor, and he was released. Dkt. No. 1 at 3-6.

Brown also alleges that, while incarcerated, he volunteered in the inmate worker program at the jail. He states that, while cleaning one of the segregation units, he was attacked by another inmate with a cane. According to Brown, the inmate was improperly restrained with shower restraints. He also asserts that CO Cornog, who knew that the inmate had threatened other inmates including Brown, failed to close the outer door before releasing the inmate from his cell. Brown

3

asserts that, because of the jail and Cornog's negligence, he was brutally beaten and had to undergo multiple medical procedures. Dkt. No. 1 at 6-8.

### THE COURT'S ANALYSIS

Brown's complaint suffers from several deficiencies. As an initial matter, Brown improperly brings unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Fed. R. Civ. P. 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The factual and legal bases for Brown's purported claims against the unidentified police officers do not overlap with the factual and legal bases for his purported claims against Cornog and the jail. Accordingly, pursuant to Rules 18 and 20, those claims cannot be pursued in the same case. As is its general practice, the Court will allow Brown an opportunity to file an amended

4

complaint to choose which of his related claims he would like to pursue. As he decides how to proceed, the Court encourages Brown to consider a number of additional deficiencies in his complaint.

As an initial matter, Brown is facing significant statute of limitations issues. He seeks to bring Fourth Amendment claims (in addition to state law claims) against three unidentified police officers based on allegations that he was arrested without probable cause and falsely imprisoned. His federal claims, however, appear to be barred by Wisconsin's three-year statute of limitations. *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (explaining that §1983 lawsuits must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose); Wis. Stat. §893.53. According to Brown, he was arrested on April 28, 2021, which is the day the limitations period for his false arrest claim began to run. Brown's claim for false imprisonment accrued shortly thereafter when legal process was initiated against him and he was ordered to be held. *See Wallace v. Kato*, 549 U.S. 384, 387-90 (2007) (rejecting the assertion that the statute of limitations on a false arrest claim accrued on the day petitioner was released from custody).

Brown initiated this case on April 15, 2024, a few weeks before the expiration of the three-year limitations period. But Brown did not name the three officers he seeks to sue; instead, he used John Doe placeholders because he does not know the officers' names. As the Seventh Circuit has explained, a plaintiff's ignorance of an individual's name does not entitle him to the benefit of the relation-back doctrine of Rule 15(c). *Herrera v. Cleveland*, 8 F.4th 493, 498-99 (7th Cir. 2021) (explaining that an amended complaint naming a defendant cannot relate back under Rule 15(c) to the date of an original complaint naming a John Doe defendant). Thus, absent the application of equitable tolling (which is rare), any amended complaint Brown files naming these police officers

will be barred by the statute of limitations because it will be filed against them more than three years after his claims accrued. *See id.*

Brown substantive claim against Cornog is also problematic. Brown alleges that Cornog failed to secure a door before releasing a violent inmate from his cell. For a pretrial detainee to prevail on such a claim, he need only show that a defendant's conduct was objectively unreasonable. *Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022). More specifically, Cornog would be liable only if Brown shows that "(1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate the risk—even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Kemp v. Fulton County*, 27 F.4th 491, 496 (7th Cir. 2022).

It does not appear that Brown can satisfy the first element. According to his complaint, Cornog was merely negligent in failing to ensure the door was secure. Nothing in the complaint suggests that Cornog intentionally left the door open knowing that a violent inmate would be released from his cell while other inmates were working on the unit. And it is well settled that "negligence is not enough" to support a constitutional violation. *Kemp*, 27 F.4th at 496. Accordingly, while Brown may choose to pursue a negligence claim against Cornog in state court, he cannot pursue such a claim in this Court.

Brown also tries to sue the jail for Cornog's conduct, but this is a non-starter. Section 1983 only allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, and it is well-established that a jail is not a "person." The Supreme Court has held that there

6

Case 2:24-cv-00449-BHL   Filed 05/20/24   Page 6 of 9   Document 8

are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is not a legal entity separate from the county government it serves. *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)).

If Brown believes he can address the identified deficiencies, he may file an amended complaint by **June 17, 2024**. If he does not believe he can address the identified deficiencies, he need not take any further action. Brown is advised that an amended complaint will replace his original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Brown's failure to diligently prosecute it. *See* Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **June 17, 2024**, Brown may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Brown a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $330.00 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Brown is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on May 20, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

9

Case 2:24-cv-00449-BHL   Filed 05/20/24   Page 9 of 9   Document 8