UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELLIOT H. BROWN,

    Plaintiff,

v.                                       Case No. 24-cv-0449-bhl

DANIEL FOY and
JOHN DOE OFFICERS,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Elliot H. Brown, who is currently incarcerated at the Waukesha County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 20, 2024, the Court screened the complaint and gave Brown the opportunity to file an amended complaint. On May 28, 2024, the Court received an amended complaint, but it appears that Brown prepared and mailed the amended complaint before he received the Court's screening order. On June 4, 2024, Brown filed a motion for leave to file a second amended complaint, a draft of which he attaches to his motion. The Court will grant Brown's motion and will screen his second proposed amended complaint (Dkt. No. 12-1).[1]

### SCREENING OF THE SECOND AMENDED COMPLAINT

As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised

---

[1] Brown also filed two motions requesting that the Court order the U.S. Marshal to serve his complaint. Dkt. Nos. 11, 13. The Court will deny those motions as unnecessary. *See* Fed. R. Civ. P. 4(c)(3).

any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

According to Brown, on April 28, 2021, West Allis Police Officer Daniel Foy and two other unidentified officers responded to reports of a car accident. Foy began to question Brown and noted that he was disoriented. The other two officers arrived shortly thereafter. Brown explains that he informed the officers that he was not intoxicated and may have a concussion from the accident, but the officers continued to suspect he was on drugs. Members of the fire department arrived and allegedly agreed that Brown did not seem intoxicated. Nevertheless, the officers required Brown to submit to a field sobriety exam and a preliminary breath test. Brown asserts that he passed both and that officers improperly conducted the field sobriety exam to manufacture probable cause. The officers also required Brown to submit to a blood analysis. Brown explains that Foy arrested him without probable cause for the crime of operating while intoxicated, fifth offense, a crime Brown states he did not commit. Brown asserts that he was also placed on a probation hold and revocation proceedings were commenced. According to Brown, he was incarcerated at the Milwaukee County Jail for more than four months, until September 2021, at

2

which time the results of the blood analysis came back negative for intoxicants. Brown asserts that the judicial and revocation proceedings were then terminated in his favor, and he was released. Dkt. No. 1 at 3-6.

### THE COURT'S ANALYSIS

Brown seeks to bring claims against Foy and the two unnamed officers based on allegations that he was arrested and detained for months without probable cause pending the results of the blood analysis. Brown's claims against the officers arise under the Fourth Amendment. *See Jump v. Village of Shorewood*, 42 F.4th 782, 792 (7th Cir. 2022) ("The Fourth Amendment protects arrestees before a *Gerstein* probable cause finding, the Fourteenth Amendment after a finding of probable cause . . . ." (citations omitted)); *Manuel v. City of Joliet, Ill.*, 903 F.3d 667 (7th Cir. 2018). "Probable cause for an arrest provides an absolute defense to a false arrest claim." *Id.* (citing *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021)). And "[p]robable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cty.*, 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted). The inquiry is "purely objective," and "the officer's subjective state of mind and beliefs are irrelevant." *Id.*

Although Brown concedes that he was disoriented after the car crash, he also asserts that the officers improperly administered the field sobriety test, he passed the preliminary breath test, and members of the fire department opined that Brown did not seem intoxicated. Further development of the record may reveal that the officers' belief that Brown was under the influence of drugs at the time they arrested him was reasonable, but at this stage of the case, Brown states a

Fourth Amendment claim based on allegations that he was arrested and detained for months without probable cause. *See Manuel*, 908 F.3d at 669-70.

Brown may also proceed against the officers on a state law malicious prosecution claim, the essential elements of which are: "(1) the initiation or continuation of judicial proceedings by, or at the instance of, the current defendant; (2) malice on the part of the current defendant; (3) want of probable cause; (4) termination of the proceedings in favor of the current plaintiff; and (5) injury or damage to the current plaintiff." *See Buchanan v. Weaver*, No. 12-cv-408-wmc, 2013 WL 12180997, at *4 (W.D. Wis. Dec. 23, 2013) (citations omitted). And he may proceed on a state law false imprisonment claim, which is the "unlawful and intentional restraint by one person of the physical liberty of another." *Id.*

Brown may not, however, proceed on a state law defamation claim against the officers. Wis. Stat. §802.03 requires that in an action for libel or slander, "the particular words complained of shall be set forth in the complaint." The second amended complaint fails to include the "particular words" in the criminal complaint that Brown believes to be defamatory, so he fails to satisfy the requirements for pleading a claim of defamation.

Finally, as noted in the original screening order, Brown's claims that he was arrested without probable cause may be barred by Wisconsin's three-year statute of limitations. *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (explaining that §1983 lawsuits must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose); Wis. Stat. §893.53. Brown was arrested on April 28, 2021. His claim for false arrest accrued shortly thereafter when legal process was initiated against him and he was ordered to be held. *See Wallace v. Kato*, 549 U.S. 384, 387-90 (2007) (rejecting the assertion that the statute of limitations on a false arrest claim accrued on the day petitioner was released from custody).

Brown initiated this case on April 15, 2024, weeks prior to the expiration of the three-year limitations period. But, in his original complaint, he did not sue the officers by name; he used John Doe placeholders because he did not know their names. On May 28, 2024, about three years and one month after Brown was arrested, he filed an amended complaint naming Daniel Foy as a Defendant. He again used John Doe placeholders for the other two officers. The Seventh Circuit has explained that, a plaintiff's ignorance of an individual's name does not entitle him to the benefit of the relation-back doctrine of Rule 15(c). *Herrera v. Cleveland*, 8 F.4th 493, 498-99 (7th Cir. 2021) (explaining that an amended complaint naming a defendant cannot relate back under Rule 15(c) to the date of an original complaint naming a John Doe defendant). Accordingly, it appears that, absent the application of equitable tolling (which is rare), Brown's claims based on his arrest may be time-barred. Of course, Brown pursues claims based not only on his arrest, but also based on his detention without probable cause. The Seventh Circuit has recently clarified that such claims do not accrue until a person is released from custody. *Manuel*, 903 F.3d at 670.

Given that the statute of limitations is an affirmative defense, the Court will allow Brown to proceed with Fourth Amendment and state law claims at this time. The Court leaves it to Defendants to decide whether it is appropriate to raise a statute of limitations defense. Brown may use discovery to learn the other officers' names.

**IT IS THEREFORE ORDERED** that Brown's motions for orders appointing the U.S. Marshal to serve the summons and complaint (Dkt. Nos. 11, 13) are **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Brown's second motion for leave to file a second amended complaint (Dkt. No. 12) is **GRANTED**. The clerk's office is directed to docket the proposed second amended complaint (Dkt. No. 12-1) as the operative complaint in this action.

5

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint (Dkt. No. 12-1) and this order upon Daniel Foy pursuant to Federal Rule of Civil Procedure 4. Brown is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Daniel Foy shall file a responsive pleading to the second amended complaint.

Dated at Milwaukee, Wisconsin on June 14, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
