UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELLIOT H. BROWN,

        Plaintiff,

       v.                                          Case No. 24-cv-0449-bhl

DANIEL FOY and
JOHN DOE OFFICERS,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Elliot H. Brown is representing himself in this 42 U.S.C. §1983 action. Brown was incarcerated when he brought this action, but he has since been released. On June 14, 2024, the Court screened the second amended complaint and allowed Brown to proceed on Fourth Amendment and state law claims in connection with his arrest by West Allis Police Officers on April 28, 2021. On August 27, 2024, Defendants filed a motion to dismiss on the grounds that Brown's claims are barred by Wisconsin's three-year statute of limitations. Brown did not respond to the motion. For the reasons explained in this decision, the Court will grant Defendants' motion with respect to Brown's federal claims and will dismiss this action.

## BACKGROUND

On April 15, 2024, Brown filed a complaint in which he sued three unnamed West Allis Police Officers, alleging that he was arrested on April 28, 2021 without probable cause in violation of the Fourth Amendment.[1] On May 28, 2024, Brown filed an amended complaint in which he

---

[1] Brown also sued other individuals and entities that were dismissed at screening pursuant to 28 U.S.C. §1915A.

sued West Allis Police Officer Daniel Foy and two unnamed police officers. A couple of weeks later, Brown filed a second amended complaint, again naming Foy and the two unnamed police officers as Defendants.

On June 14, 2024, the Court allowed Brown to proceed on a Fourth Amendment claim against Foy and the two unnamed officers based on allegations that they arrested Brown without probable cause. The Court also allowed Brown to proceed on a state law malicious prosecution claim and a state law false imprisonment claim. Dkt. No. 15. On August 27, 2024, Defendants filed a motion to dismiss, arguing that Brown's claims are barred by the three-year statute of limitations. Brown did not respond to the motion.

## ANALYSIS

"An action under §1983 must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose." *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) In Wisconsin, the limitations period is three years. Wis. Stat. §893.53. Brown's claim that he was arrested without probable cause accrued on the date of his arrest—April 28, 2021. *See Huber*, 900 F.3d at 207 (explaining that a claim accrues when "the plaintiff can file suit and obtain relief"). Accordingly, Brown was required to file his Fourth Amendment claim by April 29, 2024.

Brown initiated this action on April 15, 2024, about two weeks *before* the limitations period expired, but because Brown did not know the name of the officers who arrested him, he used John Doe placeholders. It was not until May 28, 2024, one month *after* the expiration of the limitations period, that Brown named Daniel Foy as a Defendant—Brown continues to use John Doe placeholders for the other two officers. The Seventh Circuit has explained that a plaintiff's ignorance of an individual's name does not entitle him to the benefit of the relation-back doctrine
2

of Rule 15(c). *Herrera v. Cleveland*, 8 F.4th 493, 498-99 (7th Cir. 2021) (explaining that an amended complaint naming a defendant cannot relate back under Rule 15(c) to the date of an original complaint naming a John Doe defendant). Brown did not bring his Fourth Amendment claim against Foy until one month after the limitations period had expired. Therefore, his Fourth Amendment claims against Foy and the other unnamed officers are time-barred and must be dismissed.[2] Because Brown cannot proceed on federal claims related to his arrest, the Court will relinquish supplemental jurisdiction over his state law claims and will dismiss this action.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Dkt. No. 26) is **GRANTED** with respect to Brown's federal claims and that the Court relinquishes supplemental jurisdiction over Brown's state law claims.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 25, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] As noted, Brown did not respond to Defendants' motion, and there is no suggestion that he is entitled to equitable tolling of the statute of limitations.